**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 26, 2006[*]
Decided November 1, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2408

| | |
|---|---|
| JOVAN T. MULL, SR.<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>JEFFREY P. ENDICOTT,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Eastern District of Wisconsin.<br><br>No. 05-C-363<br><br>William E. Callahan, Jr.,<br>*Magistrate Judge.* |

**O R D E R**

A jury in Wisconsin found Jovan Mull guilty of three counts of reckless endangerment by use of a dangerous weapon, WIS. STAT. §§ 941.30(1), 939.63, and one count of intimidating a victim, *id.* § 940.45(3). The state court sentenced him as a habitual offender, *id.* § 939.62, to 41 years' imprisonment. After pursuing postconviction remedies in the Wisconsin courts, Mull filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. A magistrate judge sitting by consent, *see* 28 U.S.C. § 636(C), denied Mull's petition, and he appeals. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

The state first charged Mull with three counts of first-degree reckless endangerment with a dangerous weapon after Anthony Poindexter reported to police that Mull had fired shots at a car occupied by Poindexter, Poindexter's girlfriend, and Poindexter's son. Upon learning of the charges, Mull confronted Poindexter at his home, apologized for the shooting, offered to pay for the damage to his car, and told him to "squash" the complaint. When Poindexter refused, Mull responded that he would "take it up on his own." The state subsequently filed an additional complaint charging Mull with intimidation of a victim, and the trial court joined both cases over Mull's objection.

Poindexter testified as the only witness at Mull's preliminary hearings in both cases, and Mull cross-examined him. Because Poindexter died prior to trial, however, the court allowed the state to introduce his testimony from these hearings. The jury found Mull guilty on all four counts.

In his direct appeal Mull raised several arguments, including that the trial court violated his rights under the Confrontation Clause of the Sixth Amendment by admitting Poindexter's preliminary-hearing testimony. The Wisconsin Court of Appeals rejected that argument, reasoning that Poindexter had been unavailable, his testimony was reliable, and Mull had the opportunity to effectively cross-examine him during the preliminary hearings. The Supreme Court of Wisconsin denied Mull's petition for review, and Mull did not file a petition for certiorari with the Supreme Court of the United States.

In his § 2254 petition Mull again raised his Confrontation Clause claim and argued that it should be analyzed under *Crawford v. Washington*, 541 U.S. 36 (2004). The magistrate judge explained that the Wisconsin Court of Appeals had correctly analyzed the claim under the standard set forth in *Ohio v. Roberts*, 448 U.S. 56 (1980), because *Roberts*, not *Crawford*, was the law in effect at the time Mull's conviction became final. The magistrate judge further concluded that the appellate court's analysis of the confrontation claim was a reasonable application of the *Roberts* standard. The court ultimately rejected this claim and the others in Mull's petition but issued a certificate of appealability allowing Mull to proceed with his contention that reading Poindexter's preliminary-hearing testimony to the jury violated his constitutional right to confront the witnesses against him.

A federal court may not grant relief on a claim brought under § 2254 unless the state court's decision on that claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). It is not enough for the state court to be incorrect; the state court must be unreasonable. *See Williams v. Taylor*, 529 U.S. 362, 410 (2000); *Eckstein v. Kingston*, 460 F.3d 844, 848 (7th Cir. 2006); *see also*

*United States v. Wallace*, 458 F.3d 606, 610 (7th Cir. 2006) (discussing the reasonableness requirement of AEDPA). We review the district court's legal conclusions de novo and its factual findings for clear error. *Eckstein*, 460 F.3d at 848.

On appeal, Mull argues that the Wisconsin Court of Appeals erroneously concluded that the trial court did not violate his Sixth Amendment right to confrontation by admitting Poindexter's preliminary-hearing testimony at trial. Although Mull now acknowledges that the appellate court was right to analyze his claim under *Roberts*, he maintains that the court nonetheless failed to appreciate that his case involved "extraordinary circumstances." But *Roberts* did not require courts to consider "extraordinary circumstances" in determining whether a Confrontation Clause violation occurred. Instead, *Roberts* held that a trial court could admit prior testimony consistent with the Confrontation Clause where the declarant was unavailable and the testimony was sufficiently reliable. 448 U.S. at 65-66; *see Owens v. Frank*, 394 F.3d 490, 502 (7th Cir. 2005). Under this framework, the Wisconsin Court of Appeals determined that Poindexter was unavailable because he died prior to trial, and that his preliminary-hearing testimony was reliable because it was given under oath subject to cross-examination. Thus, we agree with the magistrate judge that the Wisconsin Court of Appeals was neither incorrect nor unreasonable in its application of *Roberts* to Mull's claim. *See Owens*, 394 F.3d at 501-02.

AFFIRMED.